IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John H. Azeltine, Jr., | No. CV 10-218-TUC-JGZ (HCE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of America, | |
| Defendant. | |

On December 16, 2011, the Honorable Hector C. Estrada, United States Magistrate Judge, filed a Report and Recommendation ("Recommendation"), (Doc. 39), in this action pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona. The Recommendation advised the Court to GRANT IN PART AND DENY IN PART Defendant's Motion to Dismiss (Doc. 33) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On December 30, 2011, Plaintiff filed his objections to the Recommendation. (Doc. 40.) Defendant responded to the Objections on January 13, 2012. (Doc. 41.)

Plaintiff's Objection includes two cursory claims.[1] First, Plaintiff takes issue with the Magistrate's finding that the Court lacks subject matter jurisdiction, claiming that "the

---

[1] Plaintiff's Objection to the Recommendation fails to comply with Rule 72(b)(2), Fed. R. Civ. P., which requires the Objection to include "specific written objections to the proposed findings and recommendations."

1  Federal Court does have Subject Matter Jurisdiction over cases involving theft from U.S.
2  Bank Accounts, even when the Bank is involved." (Doc. 40.)  As stated in the
3  Recommendation, Plaintiff's claim for "theft and conspiracy to commit fraud and
4  conversion" in violation of 15 U.S.C. § 1692, *et seq*. fails because the statute applies only to
5  "creditors," *ie*. "entities that collect debts for third parties," and the facts alleged in the
6  Complaint do not support Plaintiff's claim that Defendant was attempting to collect a debt
7  in this case.  (Doc. 39, pgs. 5-8.)

8  Second, Plaintiff challenges the Magistrate's conclusion that Plaintiff has failed to
9  plead diversity jurisdiction because he has not alleged an amount in controversy in excess
10 of $75,000.  Plaintiff claims that the Constitution does not require an amount in controversy;
11 however, Congress is authorized to set thresholds for the federal court's subject matter
12 jurisdiction. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514-15 (2006).  Plaintiff also
13 alleges that "neither the Defendant nor the Court can, in good faith, declare that the
14 Plaintiff's breach NPPI could not be worth the $75,000 under U.S.C. 28 1332."  For the
15 reasons stated in the Recommendation, the Court agrees with the Magistrate that, upon the
16 face of Plaintiff's Amended Complaint, it is obvious that Plaintiff's suit cannot involve the
17 necessary amount.  (Doc. 39, pgs. 12-15.)

18 After a thorough and *de novo* review of the record and appropriate case law, the Court
19 disagrees with Plaintiff's objections to the Recommendation.  The Court considers the
20 Recommendation (Doc. 39) to be thorough and well-reasoned and will ADOPT the
21 Recommendation of Magistrate Judge Estrada to dismiss this action and to deny an award
22 of attorneys' fees.

23 THEREFORE, IT IS ORDERED THAT Magistrate Judge Estrada's Report and
24 Recommendation (Doc. 39) is ADOPTED.

25 //
26 //
27 //
28 IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 33) is

GRANTED to the extent Defendant seeks dismissal of this action. This matter is DISMISSED WITH PREJUDICE. The Clerk of the Court shall enter judgment and close the file in this matter.

DATED this 10th day of February, 2012.

_Jennifer G. Zipps_
United States District Judge